IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JASON STALLINGS, as the Administrator of the Estate of Richard Lawrence Stallings, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) CIV. ACT. NO. 1:25-cv-47-TFM-N <br> ) |
| HJALMAR ISAAC REED, *et al.*, | ) <br> ) |
| Defendants. | ) |

## **ORDER**

Pending before the Court is Plaintiff's Motion to Amend (Doc. 20, filed 6/20/25). The motion was timely filed pursuant to the scheduling order and seeks to add a claim for negligent/wanton hiring, supervision, and or retention. *Id*. The proposed amended complaint was attached. The motion to amend (Doc. 20) is **GRANTED in part** and **DENIED in part** as discussed below.

"The court should freely give leave [for a party to amend its pleading] when justice so requires." FED. R. CIV. P. 15(a)(2). As the motion is timely and the Court sees no obvious basis to deny the request, the request to amend is granted. However, the Court notes that the proposed amended complaint is a shotgun pleading and should be remedied.

Fed. R. Civ. P. 8 provides a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each allegation in the complaint "must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). Fed. R. Civ. P. 10 provides that the complaint must "state [the plaintiff's] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b).

The purpose of [Rule 8(a)(2) and Rule 10(b)] is self-evident, to require the pleader

> to present his claims discretely and succinctly, so that [ ] his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.

*Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting)); *see also Twombly*, 550 U.S. at 555 (holding that the purpose of Fed. R. Civ. P. 8(a)(2) is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." (citation, internal quotation marks, and ellipsis omitted)).

"Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings,'" and have been uniformly rejected by the Eleventh Circuit. *Weiland*, 792 F.3d at 1320. "Shotgun pleadings violate Rule 8(a)(2)'s 'short and plain statement' requirement by 'failing . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" *McDonough v. City of Homestead*, 771 F. App'x 952, 955 (11th Cir. 2019) (quoting *Vibe Macro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018).[1] Put another way, it is "[t]he failure to identify claims with sufficient clarity to enable the defendant to frame a responsive pleading[.]" *Beckwith v. Bellsouth Telecomms. Inc.*, 146 F. App'x 368, 371 (11th Cir. 2005). There are four types of shotgun pleadings: (1) pleadings that "contain[] multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) pleadings that are "guilty of the venial sin of being replete with conclusory, vague,

---

[1] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2 (effective Dec. 1, 2014); *see also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

and immaterial facts not obviously connected to any particular cause of action;" (3) pleadings that "commit[ ] the sin of not separating into a different count each cause of action or claim for relief;" and (4) pleadings that commit "the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321.

The proposed amended complaint states at the start of each section and count: "Plaintiff adopts and re-alleges all prior paragraphs of this Complaint, as if set forth fully herein."  Therefore, Plaintiff attempts to file a pleading that quintessentially fits into the first category of shotgun pleadings in that each count adopts and incorporates all the preceding paragraphs which causes each successive account to be a combination of everything that precedes it.  A complaint that falls into the first category of shotgun pleading "imposes a heavy burden on the trial court, for it must sift each count for the allegations that pertain to the cause of action purportedly stated and, in the process, disregard the allegations that only pertain to the incorporated counts." *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) (citations omitted).  However, "[i]n dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff one chance to remedy such deficiencies." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) ((citation and internal quotation marks omitted)).  "Implicit in such instruction is the notion that if the plaintiff fails to comply with the court's order-by filing a repleader with the same deficiency-the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001).

The Court would also note that when looking at the fourth category – asserting multiple claims against multiple defendants without specifying the conduct of each – the Court finds that

the amended complaint should be more clear about exactly which counts are asserted against which defendants. Though it initially seemed that Count One is asserted against Defendant Reed, while the remaining counts are against VSS Transportation Group, each count then included a demand at the end which states: "WHEREFORE, Plaintiff demands judgment against all named Defendants, jointly and severally, for wrongful death punitive damages in an amount to be determined by a struck jury, plus interest and costs." This seems to then state that the entire count is against both defendants. This seems murky based upon the description. Therefore, Plaintiff must also make it absolutely clear exactly what counts are asserted against each defendant. One means to do so (but certainly not the only way) would be to put it in the header for the Count.

As a result, while Plaintiff may file an amended complaint, the proposed pleading contains deficiencies that must be first remedied. Plaintiff is instructed to ensure that the amended complaint does not incorporate all preceding paragraph under each count and instead make sure that each count specifically identifies the basis for the claim, against which defendant the count is asserted, and how the facts and law relate to the defendants. Plaintiff shall have until **July 3, 2025** to file a corrected amended complaint.

**DONE** and **ORDERED** this 24th day of June 2025.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE