IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JASON STALLINGS, as the Administrator of the Estate of Richard Lawrence Stallings, <br><br>Plaintiff,<br><br>v.<br><br>HJALMAR ISAAC REED, *et al.*<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) CIV. ACT. NO. 1:25-cv-47-TFM-N<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are the *Defendant's Motion to Dismiss in Part Plaintiff's First Amended Complaint Pursuant to Rule 12(b)(6)* (Doc. 23, filed 7/17/25). In lieu of a formal response, Plaintiff filed a Stipulation of Dismissal of Count Three of the Amended Complaint. *See* Doc. 25.

The Rules of Civil Procedure permit a plaintiff to voluntarily dismiss an action without an order of the court "by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "a stipulation signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A). A request to dismiss an action requires a court order and dismissal by terms the court considers "proper" if Fed. R. Civ. P. 41(a)(1) does not apply. FED. R. CIV. P. 41(a)(2). Fed. R. Civ. P. 41(c) applies the same standards of Rule 41(a) to the dismissal of counterclaims, cross claims, and third-party claims.

The Court has the authority to dismiss all claims against a defendant under Fed. R. Civ. P. 41 even if there are other defendants in the case. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("[Fed. R. Civ. P.] 41 allows a plaintiff to dismiss all of his claims against a particular defendant . . . ."); *see also Plain Growers, Inc. ex rel. Florists' Mut. Ins. Co. v. Ickes-*

*Braun Glasshouses, Inc.*, 474 F.2d 250, 254 (5th Cir. 1973) ("There is little merit in the argument that the court could not dismiss the action as to less than all defendants upon motion [under (a)(2)] . . . ."); *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (adopting all decisions of the former Fifth Circuit announced prior to October 1, 1981, as binding precedent in the Eleventh Circuit). In *Rosell v. VMSB, LLC*, the Eleventh Circuit reiterated the point that Rule 41(a) allows a district court to dismissal claims against a particular defendant because "an 'action' can refer to all claims against one party. 67 F.4th 1141, 1144 n. 2 (11th Cir. 2023) (citing *Klay*, 376 F.3d at 1106).

In *City of Jacksonville v. Jacksonville Hosp. Holdings, L.P.*, 82 F.4th 1031 (11th Cir. 2023), the Eleventh Circuit determined that to be effective under Rule 41(a)(1)(A)(ii) a stipulation of dismissal must include the signature of all parties who have appeared to include those parties who may have also already been dismissed. *Id*. at 1038. However, the Eleventh Circuit also made it clear that "Rule 41(a)(2) still provides parties with an avenue for securing dismissals through court order" of an entire action against even when the parties are unable to acquire signatures from all parties who have appeared in the litigation. *Id*. at 1039; *see also id*. at 1036 ("Rule 41(a) allows a district court to dismiss all claims against a particular defendant.") (quoting *Roswell*, 67 F.4th at 1144; *In re Esteva*, 60 F.4th 664, 677 (11th Cir. 2023)).

In *Perry v. Schumacher Grp. of La.*, 891 F.3d 954, 958 (11th Cir. 2018), the Eleventh Circuit held that Fed. R. Civ. P. 41(a)(1) was not the appropriate mechanism for dismissal of fewer than all claims asserted in a lawsuit. In doing so, it noted that the plain language of Rule 41(a)(1) contemplates dismissing an "action." *Id*. "There is no mention in the Rule of the option to stipulate dismissal of a portion of plaintiff's lawsuit - e.g., a particular claim - while leaving a different part of the lawsuit pending before the trial court." *Id*. (emphasis in original). Rather, the *Perry* court

emphasizes that Rule 41(a) is not the proper vehicle for dismissing individual claims but only an entire action. To dismiss a single claim without dismissing an entire action against a defendant, the Plaintiff should seek and obtain leave to amend the complaint to eliminate that claim under Fed. R. Civ. P. 15. *Id*. "Litigants who wish to dismiss, settle, or otherwise resolve less than an entire action can ensure that they receive a final judgment on the remainder of their claims . . . by seeking partial final judgment under Rule 54(b) from the district court, or by amending their complaints under Rule 15." *Rosell*, 67 F.4th at 1144. However, the Court notes the latter option would result in a determination on the merits while an amended complaint would simply dismiss the claim.

Though the document is entitled *Plaintiff's Stipulation of Dismissal of Count Three of the Amended Complaint* (Doc. 25), there is no reference to a specific rule. Based on the caselaw provided above, the Court cannot consider it a stipulation under Rule 41(a). But for all intents and purposes, the parties agree that Count Three should be dismissed. Therefore, the Court finds there are two ways to proceed. First, to grant the Defendants' motion to dismiss under Rule 12(b)(6) and dismiss count three without prejudice or second, to require Plaintiff to further amend the complaint under Rule 15.

Therefore, based on the above and the parties' clear agreement that the dismissal of Count Three is appropriate, the *Defendant's Motion to Dismiss in Part Plaintiff's First Amended Complaint Pursuant to Rule 12(b)(6)* (Doc. 23) is **GRANTED** and Count Three is **DISMISSED without prejudice**. Counts One and Two remain pending.

**DONE** and **ORDERED** this the 15th day of August 2025.

    /s/ Terry F. Moorer
    TERRY F. MOORER
    UNITED STATES DISTRICT JUDGE