IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JASON STALLINGS, as the Administrator )
of the Estate of Richard Lawrence Stallings, )
                              )
       Plaintiff,                 )
                              )
v.                                   )    CIV. ACT. NO. 1:25-cv-47-TFM-N
                              )
HJALMAR ISAAC REED, *et al.*,        )
                              )
       Defendants.           )

## MEMORANDUM OPINION & ORDER

Pending before the court is Plaintiff's *Motion to Amend Complaint* (Doc. 34, filed March 31, 2026) in which Plaintiff seeks to amend his complaint to include a count for negligent/wanton entrustment, supervision and/or retention. Defendant filed a response in opposition and Plaintiff filed a reply. Docs. 36, 38. On April 15, 2025, the Court held oral arguments on the motion. The motion is fully briefed and ripe for review. After consideration of the motion, response, reply, oral argument, and relevant law, the Court finds that the motion is due to be **DENIED**.

## I.  PROCEDURAL BACKGROUND

On December 30, 2024, his original complaint in the Circuit Court of Conecuh County, Alabama. Doc. 1-2. Defendants timely removed to this Court. *See* Doc. 1. Defendants filed their respective answers to the original complaint on February 11, 2025 and April 22, 2025. *See* Docs. 3, 15. On June 20, 2025 Plaintiff filed his first motion to amend his complaint. *See* Doc. 20. The Court granted the motion in part and denied the motion in part, and Plaintiff filed his amended complaint which added a claim for negligent and/or wanton entrustment, hiring, retention, and/or supervision on July 3, 2025. *See* Docs. 21, 22. Defendants then filed a motion to dismiss in part Plaintiff's first amended complaint, specifically arguing the newly added count failed to meet the

plausibility standard.  Doc. 23.  The parties then filed a stipulation of dismissal for the newly added count, and the court dismissed the count without prejudice.  *See* Docs. 25, 26.

On March 31, 2026, Plaintiff filed the instant motion to amend his complaint.  Doc. 34. Plaintiff moves to add a count for negligent and/or wanton entrustment and/or retention.  *See id.* Plaintiff argues that he did not have the information necessarily to state a plausible claim until after the deposition of the driver, Hjalmar Isaac Reed, which was taken in February 2026.  *See id.* Defendant filed a response in opposition, stating that Plaintiff had the information necessary from discovery in July 2025 to add the claim, but failed to do so.  Defendant further argues that even if the deposition was necessary to uncover the claim, Plaintiff took three months after Plaintiff received the relevant discovery to even notice the deposition for Mr. Reed. Ultimately, Defendant argues that Plaintiff is much too delayed in filing his motion to amend.

## II.    DISCUSSION & ANALYSIS

Fed. R. Civ. P. 15(a) provides that a plaintiff may amend his complaint after the defendant has filed an answer either by leave of court or by written consent of the opposing parties.  Here, Defendants oppose Plaintiff's motion to amend his complaint.  Thus, the Court must consider whether it should grant Plaintiff leave to amend.

> The decision whether to grant leave to amend a complaint is within the sole discretion of the district court.  Rule 15(a), however, limits the court's discretion by mandating that "leave shall be freely given when justice so requires."  *See Halliburton & Assoc. v. Henderson, Few & Co.*, 774 F.2d 441 (11th Cir. 1985). There must be a substantial reason to deny a motion to amend.  *Id.* Substantial reasons justifying a denial include "undue delay, bad faith, dilatory motive on the part of the movant, … undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962).

*Laurie v. Ala. Ct. of Crim. App.*, 256 F.3d 1266, 1274 (11th Cir. 2001).  In *Laurie*, the court found "that undue delay by Plaintiffs in filing their Motion To Amend, the resulting prejudice to

Defendants, and the futility of the amendment justified the court's denial of Plaintiffs' Motion to Amend." *Id.* at 1275. Specifically, the court noted that the plaintiffs were aware of the facts giving rise to their proposed § 1983 count at the time they filed they EEOC charge, yet the plaintiffs did not seek leave to amend until well over a year after commencing the lawsuit. *Id.* Additionally, the court noted "Plaintiffs' Motion To Amend was filed more than eleven months after the court's Order setting the deadline for amending pleadings." *Id.*; *see also Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("A district court's decision to enforce its pretrial order will not be disturbed on appeal absent an abuse [of] discretion.").

In the present case, Plaintiff filed his motion to amend the complaint approximately nine months after the deadline to amend pleadings. *See* Docs. 13, 32. Further, Plaintiff knew he might potentially have a claim for negligent entrustment because he tried to bring the claim in his first amended complaint, though he ultimately stipulated to the dismissal of the claim after Defendant filed a motion to dismiss. *See* Docs. 20, 22, 23, 25. On July 11, 2025, Defendants served discovery on Plaintiff that included the driver's hours of service logs which indicated that Mr. Reed used the personal conveyance exception. At that point, Plaintiff either had enough information to amend his complaint and add the negligent entrustment claim, or knew that he needed to depose Mr. Reed to obtain further information. Despite that knowledge, Plaintiff waited until October 2025 to notice a deposition for Mr. Reed. At the hearing, Plaintiff did not provide an adequate explanation for the undue delay in moving to amend his complaint.

Additionally, the Defendants would suffer prejudice if the Court were to allow Plaintiff to amend his complaint at this stage. The only way to cure such prejudice would be to further delay all the deadlines in this case. Therefore, it is clear that there would be prejudice to the Defendants in the delayed disposition of this case.

Ultimately, the Court cannot find any justification for allowing Plaintiff to wait until this late stage of litigation to amend his complaint. For Court schedules to have meaning, the dates cannot be aspirational. Moreover, to the extent there is a problem, parties should bring it to the Court's attention prior to the expiration of deadlines, or at the earliest possible date, so that the Court has the opportunity to promptly address and resolve such problems.

Accordingly, the Plaintiffs' Motion to Amend Complaint (Doc. 34) is **DENIED**.

**DONE** and **ORDERED** this 28th day of April, 2026.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE